LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff and FLSA Collective Plaintiffs*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

LUIS ANGULO CALLE,
*on behalf of himself and*
*FLSA Collective Plaintiffs*,

        Plaintiff,

  v.

MANDUCATIS RUSTICA VIG, LTD. d/b/a
MANDUCATIS RUSTICA and
GIANNA CERBONE-TEOLI,

        Defendants.

Case No.:

**COMPLAINT**

**Jury Trial Demanded**

Plaintiff, LUIS ANGULO CALLE, (hereinafter, "Plaintiff"), on behalf of himself and FLSA Collective Plaintiffs, by and through his undersigned attorney, hereby files this Complaint against Defendants, MANDUCATIS RUSTICA VIG, LTD. d/b/a MANDUCATIS RUSTICA ("Corporate Defendant"), and GIANNA CERBONE-TEOLI ("Individual Defendant", and collectively with Corporate Defendant, the "Defendants"), and states as follows:

1

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he and FLSA Collective Plaintiffs are entitled to recover from Defendants: (1) unpaid overtime, (2) compensation for off-the-clock work, (3) liquidated damages and (4) attorneys' fees and costs.

2. Plaintiff further allege that, pursuant to the New York Labor Law, he and FLSA Collective Plaintiffs are entitled to recover from Defendants: (1) unpaid overtime, (2) compensation for off-the-clock work, (3) unpaid "spread of hours" premium, (4) liquidated damages and statutory penalties and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over state law claims of Plaintiff and FLSA Collective Plaintiffs pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Eastern District pursuant to 28 U.S.C. §1391.

## PARTIES

5. Plaintiff, LUIS ANGULO CALLE, is a resident of Nassau County, New York.

6. Upon information and belief, the Corporate Defendant, MANDUCATIS RUSTICA VIG, LTD. d/b/a MANDUCATIS RUSTICA, is a domestic business corporation organized under the laws of New York, with a principal place of business and an address for service of process located at 46-35 Vernon Blvd., Long Island City, New York, 11101.

7. Upon information and belief, the Individual Defendant, GIANNA CERBONE-TEOLI, is the Chairperson or Chief Executive Officer of the Corporate Defendant. GIANNA CERBONE-TEOLI exercised control over the terms and conditions of Plaintiff's employment

and those of FLSA Collective Plaintiffs. With respect to Plaintiff and other FLSA Collective Plaintiffs, she exercised her power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment. Plaintiff was hired, and his employment was terminated, directly by GIANNA CERBONE-TEOLI.

8. At all relevant times, the Corporate Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

9. At all relevant times, the work performed by Plaintiff and FLSA Collective Plaintiffs was directly essential to the business operated by Defendants.

10. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

11. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt persons employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

12. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them the proper wages due to time shaving, and overtime premium at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

13. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective

Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## STATEMENT OF FACTS

14. On or about April 7, 2011 Plaintiff, LUIS ANGULO CALLE, was hired by Defendants and/or their predecessors, as applicable, to work as a cook for Defendants' restaurant located at 46-35 Vernon Blvd., Long Island City, New York, 11101.

15. LUIS ANGULO CALLE worked for Defendants until on or about March 28, 2017.

16. During the employment of Plaintiff, LUIS ANGULO CALLE, by Defendants, he worked over forty (40) hours per week. During LUIS ANGULO CALLE's employment by Defendants, he worked over ten (10) hours per day on Fridays, Saturdays and Sundays.

17. Specifically, LUIS ANGULO CALLE worked 6 days a week: he had a regular work schedule of 8 hours per day on Tuesdays, Wednesdays and Thursdays, and 10 hours or more per day on Fridays, Saturdays and Sundays. However, he almost always worked in excess of his daily scheduled work hours.

18. From the beginning of Plaintiff's employment on or about April 7, 2011 until in or about 2015, Plaintiff LUIS ANGULO CALLE received his compensation on a fixed salary basis, at the rate of $540 per week. There was never any agreement that Plaintiff's fixed salary was intended to cover his overtime compensation. Defendants willfully violated LUIS ANGULO CALLE's rights by paying him on a fixed salary basis, in violation of the New York Labor Law

because LUIS ANGULO CALLE is a non-exempt employee who must be paid on an hourly basis.

19. From approximately 2015 to approximately January 2017, Plaintiff received his compensation on a variable hourly basis, at the rate of either $16 or $18 per hour, and he was time shaved during this period because his paystubs state less hours than he actually worked.

20. From approximately January 2017 until the time when Plaintiff was unilaterally discharged by Defendants on or about March 28, 2017, Plaintiff received his compensation on a fixed salary basis, at a rate of $900 per week. There was never any agreement that Plaintiff's fixed salary was intended to cover his overtime compensation. Defendants willfully violated LUIS ANGULO CALLE's rights by paying him on a fixed salary basis, in violation of the New York Labor Law because LUIS ANGULO CALLE is a non-exempt employee who must be paid on an hourly basis.

21. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and FLSA Collective Plaintiffs the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half), and compensation for off-the-clock work.

22. Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premium to Plaintiff and other non-exempt employees.

23. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage notice to Plaintiff and other non-exempt employees at the beginning of employment and annually thereafter, in violation of the New York Labor Law.

24. Plaintiff retained Lee Litigation Group, PLLC to represent him and other employees similarly situated in this litigation and has agreed to pay the firm a reasonable fee for its services.

**STATEMENT OF CLAIM**

**COUNT I**

**VIOLATION OF THE FAIR LABOR STANDARDS ACT**

25. Plaintiffs reallege and reaver Paragraphs 1 through 24 of this Complaint as if fully set forth herein.

26. At all relevant times, upon information and belief, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

27. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

28. Upon information and belief, at all relevant times, the Corporate Defendant had gross revenues in excess of $500,000.

29. At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs and FLSA Collective Plaintiffs for their hours worked in excess of forty hours per workweek.

30. Defendants failed to pay Plaintiff and FLSA Collective Plaintiffs overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

31. From approximately 2015 to approximately January 2017, the Defendants had a policy and practice of time shaving and refusing to pay Plaintiff and FLSA Collective Plaintiffs for all their compensation earned due to off-the-clock work.

32. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs are in the possession and custody of the Defendants. Plaintiff and FLSA Collective Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

33. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs at the statutory rate of time and one-half for their hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

34. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

35. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

36. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff suffered damages, plus an equal amount as liquidated damages.

37. Plaintiff is entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

**COUNT II**

**VIOLATION OF THE NEW YORK LABOR LAW**

38. Plaintiffs reallege and reaver Paragraphs 1 through 37 of this Complaint as if fully set forth herein.

39. At all relevant times, Plaintiff was employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

40. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

41. Defendants willfully violated Plaintiff's rights by failing to pay "spread of hours" premium to Plaintiff for each workday that exceeded ten (10) or more hours.

42. Defendants willfully violated Plaintiff's rights by operating their business with a policy and practice of time-shaving.

43. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage notice to Plaintiff and other non-exempt employees at the beginning of employment and annually thereafter, in violation of the New York Labor Law.

44. Defendants willfully violated Plaintiff's rights by paying him on a fixed salary basis, in violation of the New York Labor Law because Plaintiff is non-exempt employees who must be paid on an hourly basis.

45. Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants their unpaid overtime, unpaid wages due to time shaving, unpaid "spread of hours" premium, statutory penalties, damages for unreasonably delayed payments, reasonable attorneys' fees, and costs and disbursements of the action.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of himself and FLSA Collective Plaintiffs, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

d. An award of unpaid wages due to time-shaving under the FLSA and the New York Labor Law;

e. An award of unpaid "spread of hours" premium due under the New York Labor Law;

f. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation and off the clock work pursuant to 29 U.S.C. § 216;

g. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation, off the clock work and "spread of hours" premium pursuant to the New York Labor Law;

h. An award of statutory penalties, and prejudgment and postjudgment interest;

i. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

j. Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues so triable as of right by jury.

Dated: June 21, 2017

        Respectfully submitted,

        LEE LITIGATION GROUP, PLLC
        C.K. Lee (CL 4086)
        Anne Seelig (AS 3976)
        30 East 39th Street, Second Floor
        New York, NY 10016
        Tel.: 212-465-1188
        Fax: 212-465-1181
        *Attorneys for Plaintiffs and FLSA Collective Plaintiffs*

By:   */s/ C.K. Lee*
        C.K. Lee, Esq. (CL 4086)